UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANA MIZZETTI,

    Plaintiff,

v.

MACADAMIA NATURAL OIL, LLC,
VERSION-X DESIGN CORP., and
CHRIS FASAN,

    Defendants.

Case No.: 1:10-CV-1681-MHS

JURY TRIAL DEMANDED

_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Ana Mizzetti, by and through counsel, and files this First Amended Complaint and Jury Demand, alleging the following:

### NATURE OF ACTION

1.   This action arises out of Defendants' misappropriation of an international model's face and hair without permission or compensation.

### THE PARTIES

2.   Plaintiff Ana Mizzetti is resident of the State of Georgia.

3.   Defendant Macadamia Natual Oil, LLC ("Macadamia") is a limited liability company organized under the laws of the State of California with its principal place of business at 4131 West Vanowen Place in Burbank, California.

Macadamia manufactures and sells high-end, professional health care products in Georgia and throughout the world.

4.  Defendant Version-X Design Corp. ("Version-X") is a corporation organized under the laws of the State of California with its principal place of business at 4131 West Vanowen Place in Burbank, California. Version-X is an award winning, full service design studio specializing in branding, corporate identity and web development for a variety of markets.

5.  Defendant Chris Fasan is an employee and/or agent of Macadamia and the Creative Director of Version-X. His principal place of business is 4131 West Vanowen Place in Burbank, California. He resides at 14326 Chandler Boulevard in Sherman Oaks, California.

6.  Macadamia, Version-X and Chris Fasan conspired to misappropriate Mizzetti's image and use it for their own commercial use and benefit.

## JURISDICTION AND VENUE

7.  This Court has subject-matter jurisdiction over Mizzetti's claims pursuant to 28 U.S.C. § 1332. Specifically, there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8.  Venue properly lies in this District and Division pursuant to 28 U.S.C. § 1391 because a substantial part of the wrongful conduct alleged herein occurred

here and Defendants are subject to personal jurisdiction here. Macadamia has stipulated to this Court's personal jurisdiction, and Chris Fasan and Version-X are subject to this Court's personal jurisdiction because of their contacts with the State of Georgia and the fact that they conspired with Macadamia to misappropriate Mizzetti's image and use it for Defendants' commercial use and benefit.

9. In fact, even after learning that Mizzetti, a Georgia resident, had filed a lawsuit against Macadamia, Chris Fasan and Version-X continued to use Mizzetti's image for Defendants' commercial use and benefit. Chris Fasan and Version-X knew that such continued misuse would injure Mizzetti and knew she would feel the effects of this misuse in this forum.

## GENERAL ALLEGATIONS

10. Mizzetti is an international model.

11. Macadamia sells beauty and hair care products throughout the world, and engages in advertising and marketing to promote and sell its products.

12. Version-X is an award winning design studio. According to Version-X's own website, it "designed the [Macadamia] brand from the ground up, from logo, to packaging, to website & collateral."

13. Macadamia and Version-X share the same physical location, the same office space, and at least one or more of the same employees, including, in

particular, Chris Fasan, who is the brother of Macadamia's CEO.

14. In or before September 16, 2009, Defendants, acting in concert, misappropriated Mizzetti's image for use in Macadamia's international advertising campaign.

15. After misappropriating Mizzetti's image, Defendants set out to design a "modern natural . . . aesthetic" that would "stand out and make you fall in love" with the brand and its logo, packaging, website and collateral.

16. Defendants made Mizzetti's image the centerpiece of the aesthetic and the "face" of Macadamia. This aesthetic or brand design was so successful that it was featured in *Best Pack* and, even today, Version-X features it in multiple webpages in an effort to develop advertising revenue and cement the studio's "reputation for producing high-end, clean, contemporary design." According to Version-X, the design of Macadamia "was a smash hit in the professional hair care industry."

17. Macadamia's brand design partnered Mizzetti's image with Macadamia's oil drop logo, and the two appear in close proximity on numerous advertisements, bags, billboards, brochures, business proposals, product packaging, point-of-sale displays, posters, the physical surface of a promotional CD, and even in a 10-minute video advertising Macadamia's products.

18. For example, Mizzetti's image appears in the website excerpt (Figure 1) and trade show photographs (Figures 2 and 3) below:



**Figure 1**



**Figure 2**



**Figure 3**

19. According to Version-X, this trade show, which was held in California, was a "huge success," "drew large crowds" and allowed attendees to "soak up the unique branding and packaging" used by Macadamia.

20. Macadamia's branding and packaging have been featured at Hollywood awards shows, and they have been seen and shipped around the world.

21. Delighted by its compelling brand image, Macadamia's CEO even personally posed with Mizzetti's image at the 2009 BET Awards banquet:



**Figure 4**

22. Immediately after discovering this misappropriation, Mizzetti, by letter dated March 22, 2010, demanded that Macadamia cease using her image and properly compensate her for false endorsement and unauthorized use.

23. In response, Macadamia, by and through its employees and agents, including Chris Fasan, ignored Mizzetti's demand and continued to use Mizzetti's image in the advertising, marketing and promotion of Macadamia's products. Nor

did Macadamia direct its distributors, retailers and/or vendors to pull advertisements, point-of-sale displays or products depicting Mizzetti.

24.  Even as of the date of this amended pleading, Macadamia continues to use Mizzetti's image on product packaging and in various forms of promotional media.  In fact, the company continues to use Mizzetti's image at various points in videos posted on Macadamia's UK website and Facebook page.

    (a)  For example, go to any of the five videos posted at www.facebook.com/macadamiahair?v=app_2392950137; or

    (b)  "Watch the Video" at www.macadamiahair.co.uk/use.html.

25.  Similarly, Chris Fasan and Version-X, with full knowledge of this lawsuit and the March 22, 2010 cease and desist letter, continue to exploit Mizzetti's image to attract advertising revenue and cement their reputation for successful brand designs.  In fact, as of the date of this amended pleading, Figures 1-3 still appear on Version-X's website, as do these additional examples:



**Figure 5**



**Figure 6**

26. Defendants have not paid Mizzetti any money whatsoever to compensate her for the endorsement or advertising value of her image.

27. Accordingly, Mizzetti has retained the law firm of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC to prosecute her rights against Defendants, and Mizzetti is obligated to pay her attorneys a reasonable fee for such services.

### CAUSES OF ACTION

### COUNT I – COMMON LAW MISAPPROPRIATION OF LIKENESS (AGAINST ALL DEFENDANTS)

28. Mizzetti repeats and realleges the allegations set forth in paragraphs 1 through 27 above, as if set forth fully herein.

29. Defendants, acting in concert, appropriated and continue to use Mizzetti's face and hair for their own commercial use and benefit. Defendants undertook this activity without the consent of or permission from Mizzetti.

30. Defendants have used Mizzetti's image to bring attention to their own businesses; to create the impression that Mizzetti uses or endorses Macadamia's products; and/or to sell Chris Fasan and Version-X's award-winning design services and cement their reputation for successful brand design.

31. Defendants have not paid Mizzetti any money whatsoever to compensate her for the endorsement or advertising value of her image. Further, because of Defendants' misappropriation of her likeness in the hair care and beauty markets, she is inhibited from obtaining other clients in the same markets. In the advertising industry, clients are reluctant to use a model for their products if the models are already associated with a client's competitors. Defendants, therefore, enjoy "exclusive" rights to Mizzetti's likeness in the hair care and beauty markets.

32. This misappropriation has proximately caused damage to Mizzetti in an amount to be proven at trial.

33. Chris Fasan is directly liable for such misappropriation, and Macadamia and Version-X are directly and/or vicariously liable for the same.

**COUNT II – STATUTORY MISAPPROPRIATION OF LIKENESS
(AGAINST ALL DEFENDANTS)**

34. Mizzetti repeats and realleges the allegations set forth in paragraphs 1 through 33 above, as if set forth fully herein.

35. Defendants, acting in concert, knowingly appropriated and continue to use Mizzetti's face and hair for their own commercial use and benefit. Defendants undertook this activity without the consent of or permission from Mizzetti.

36. Defendants have used Mizzetti's image to bring attention to their own businesses; to create the impression that Mizzetti uses or endorses Macadamia's products; and/or to sell Chris Fasan and Version-X's award-winning design services and cement their reputation for successful brand design.

37. Defendants have not paid Mizzetti any money whatsoever to compensate her for the endorsement or advertising value of her image. Further, because of Defendants' misappropriation of her likeness in the hair care and beauty markets, Mizzetti is inhibited from obtaining other clients in the same markets. In the advertising industry, clients are reluctant to use a model for their products if the models are already associated with a client's competitors. Defendants, therefore, enjoy "exclusive" rights to Mizzetti's likeness in the hair care and beauty markets.

38. This misappropriation has proximately caused damage to Mizzetti in an amount to be proven at trial.

39. Chris Fasan is directly liable for such misappropriation, and Macadamia and Version-X are directly and/or vicariously liable for the same.

### COUNT III – NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

## (AGAINST ALL DEFENDANTS)

40. Mizzetti repeats and realleges the allegations set forth in paragraphs 1 through 39 above, as if set forth fully herein.

41. Mizzetti is an international model.

42. In the advertising industry, manufacturers, promotors and advertisers are reluctant to use a model if he or she is associated with a competitive product.

43. Defendants had a duty to obtain consent from Mizzetti before using her image for their own commercial use and benefit. Defendants, acting in concert, breached that duty and, without permission or compensation, misappropriated Mizzetti's image to bring attention to their own businesses; to create the impression that Mizzetti uses or endorses Macadamia's products; and/or to sell Chris Fasan and Version-X's award-winning design services and cement their reputation for successful brand designs.

44. Because of Defendants' misappropriation, Defendants now enjoy *de facto* "exclusive" rights to Mizzetti's likeness in the hair care and beauty markets, and Mizzetti, for her part, is inhibited as a matter of industry custom and practice from obtaining other clients in the same markets.

45. Defendants negligently interfered with Mizzetti's ability to model for, promote and endorse other products in the hair care and beauty markets.

46. Defendants' negligent conduct has proximately caused damage to Mizzetti in an amount to be proven at trial.

47. Chris Fasan is liable for such negligence, and Macadamia and Version-X are directly negligent and/or vicariously liable for the same.

### COUNT V - PUNITIVE DAMAGES
### (AGAINST ALL DEFENDANTS)

48. Mizzetti repeats and realleges the allegations set forth in paragraphs 1 through 47 above, as if set forth fully herein.

49. Defendants, through their continued use of Mizzetti's image, despite Mizzetti's repeated demands that they cease and desist from the same, have shown willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions.

50. Mizzetti, as a proximate cause of the foregoing, is entitled to punitive damages to punish or deter Defendants from such conduct in the future.

### COUNT VI – EXPENSES OF LITIGATION
### AND STUBBORN LITIGIOUSNESS
### (AGAINST ALL DEFENDANTS)

51. Mizzetti repeats and realleges the allegations set forth in paragraphs 1 through 50 above, as if set forth fully herein.

52. Prior to filing this lawsuit, Mizzetti provided notice to Macadamia and its employees, including Fasan, of their unauthorized use of her image. Defendants did not comply with Mizzetti's demand that they immediately stop using her image and that she be compensated for such use. In fact, even as of the date of this amended pleading, Defendants continue to use Mizzetti's image in blatant disregard of Mizzetti's repeated requests that it cease and desist from doing so.

53. By virtue of the foregoing, Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Mizzetti unnecessary trouble and expense within the meaning of applicable law.

### JURY DEMAND

Mizzetti demands a trial by jury on all issues so triable and judgment in an amount to be proven at trial but not less than $500,000.

Respectfully submitted, this 13th day of December, 2010.

/s/ Jonathan R. Friedman
Jonathan R. Friedman
Georgia State Bar No. 277720
Michael A. Sexton
Georgia Bar No. 636489

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC
3344 Peachtree Rd. NE,
Suite 2400
Atlanta, Georgia 30326

(404) 876-2700
(404) 875-9433 (facsimile)
jfriedman@wwhgd.com
msexton@wwhgd.com

Counsel for Plaintiff Ana Mizzetti

## FONT CERTIFICATE

I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1B.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Jonathan R. Friedman
Jonathan R. Friedman
GA Bar No. 277720

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of December, 2010, filed the foregoing *First Amended Complaint and Jury Demand* using the CM/ECF system, which will automatically send e-mail notification to all attorneys of record.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Jonathan R. Friedman
Jonathan R. Friedman
GA Bar No. 277720
